IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REAGAN ENTERPRISES, LLC                                                              PLAINTIFF

V.                                                                  CIVIL ACTION NO. 1:09CV123-B-D

SENIOR SOLUTIONS NOW, INC.                                                          DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

On April 14, 2009, the plaintiff, Reagan Enterprises, LLC, ("Reagan") a Mississippi company, filed this action in the Circuit Court of the Second Judicial District of Chickasaw County, Mississippi, seeking payment on a $1,750,000 promissory note. The defendant timely removed to this court asserting diversity jurisdiction based on the allegation that the defendant is a Maryland corporation with its principal place of business in Maryland. The plaintiff has moved to remand arguing that the defendant's principal place of business is in Mississippi and that it is therefore a Mississippi corporation for the purpose of establishing diversity jurisdiction, or the lack thereof.

Standard of Review

A party seeking to invoke the court's diversity jurisdiction bears the burden of proving diversity of citizenship and the amount in controversy. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The court must presume that a suit lies outside its limited jurisdiction until the invoking party shows otherwise. *Id.* Defendant Senior Solutions invoked the

jurisdiction of this court by removing Reagan's state court case to federal court. The defendant must therefore prove "that federal jurisdiction existed at the time of removal, or, at the very least, [must] have alleged facts . . . that establish federal subject-matter jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Analysis

A corporation is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Senior Solutions is a citizen of Maryland by reason of its incorporation. It originally contended that Maryland was its principal place of business but now asserts that its principal place of business is Florida. The plaintiff urges that Mississippi is Senior Solutions' principal place of business.

Very recently the United States Supreme Court, "[i]n an effort to find a single, more uniform interpretation of the statutory phrase ["principal place of business"]," has "reviewed the Courts of Appeals' divergent and increasingly complex interpretations." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). After such review, the Court has concluded that "a corporation's principal place of business, for diversity jurisdiction purposes, is its nerve center." *Id.* The "nerve center" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* "[I]n practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.*

This court finds that the defendant's "nerve center" and therefore "principal place of business" is in Mississippi. The company's website lists the corporation's "General Office" as

7203 Goodman Road, Olive Branch, Mississippi. The same address is provided as the address of the corporation in the printable brochure. The office telephone numbers for the CEO and founder, for the President, and for in-house counsel are all Mississippi telephone numbers. While the website does reveal certain ongoing real estate development projects of the company in Florida, as well as in Mississippi, it is clear that the "nerve center," as contemplated by the United States Supreme Court, is in Mississippi.

Because both the plaintiff and the defendant are citizens of Mississippi for diversity jurisdiction purposes, complete diversity of the parties does not exist. This court does not have jurisdiction, and this case must be remanded to the state court.

The plaintiff has also requested attorneys' fees, but the court does not find that the circumstances warrant such an award in this case.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion to remand is well taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 30th day of March, 2010.

                                                /s/ Neal Biggers
                                               **NEAL B. BIGGERS, JR.**
                                               **SENIOR U.S. DISTRICT JUDGE**